IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02779-BNB

NAKIA PETTUS,

    Plaintiff,

v.

U.S. BUREAU OF PRISONS (sued in their individual and/or official capacity), and
WARDEN REBEL (sued in their individual and/or official capacity),

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR -6 2009

GREGORY C. LANGHAM
                       CLERK

## ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION OR TEMPORARY RESTRAINING ORDER

Plaintiff, Nakia Pettus, is a prisoner in the custody of the United States Bureau of Prisons who currently is incarcerated at United States Penitentiary in Florence, Colorado. He filed *pro se* a civil rights complaint pursuant to ***Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics***, 403 U.S. 388 (1971), and 28 U.S.C. § 1331 (1993). He has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

On February 19, 2009, Mr. Pettus filed *pro se* two documents titled "Declaration in Support of Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction" and two documents titled "Memorandum of Law in Support of Motion for a TRO and Preliminary Injunction." Although Mr. Pettus has not filed a motion for a temporary restraining order or a preliminary injunction, the Court will construe these four documents liberally as a motion for a preliminary injunction or temporary restraining

order because Mr. Pettus is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the motion for a preliminary injunction or temporary restraining order will be denied.

In the liberally construed motion for a preliminary injunction or temporary restraining order, Mr. Pettus contends that he is confined in the special housing unit without adequate delivery of personal property, personal hygiene items, and plumbing items. A party seeking a preliminary injunction must show a substantial likelihood of prevailing on the merits, that he will suffer irreparable injury unless the injunction issues, that the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party, and that the injunction, if issued, would not be adverse to the public interest. *See Lundgrin v. Claytor*, 619 F.2d 61, 63 (10th Cir. 1980). Similarly, a party seeking a temporary restraining order must demonstrate clearly, with specific factual allegations, that immediate and irreparable injury will result unless a temporary restraining order is issued. *See* Fed. R. Civ. P. 65(b).

Mr. Pettus fails to allege specific facts that demonstrate he is facing immediate and irreparable injury. Therefore, the liberally construed motion for a preliminary injunction or temporary restraining order will be denied. As he was informed in the February 13, 2009, order denying his motion for a preliminary injunction or temporary restraining order, Mr. Pettus will be directed to refrain from burdening the Court with unnecessary documents. His persistence in doing so may result in sanctions, including

the dismissal of the instant action. Accordingly, it is

ORDERED that the two documents titled "Declaration in Support of Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction" and the two documents titled "Memorandum of Law in Support of Motion for a TRO and Preliminary Injunction" that Plaintiff, Nakia Pettus, filed *pro se* on February 19, 2009, and which the Court has construed liberally as a motion for a preliminary injunction or temporary restraining order, are DENIED. It is

FURTHER ORDERED that Mr. Pettus is directed to refrain from filing unnecessary documents. It is

FURTHER ORDERED that Mr. Pettus's persistence in filing unnecessary documents may result in sanctions, including the dismissal of the instant action.

DATED at Denver, Colorado, this 5 day of March, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-02779-BNB

Nakia Pettus
Reg No. 11015-002
US Penitentiary - Florence
P.O. Box 7000
Florence, CO 81226-7000

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 3/6/09

GREGORY C. LANGHAM, CLERK

By: _____
          Deputy Clerk