IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08–cv–02779–MSK–KMT

NAKIA PETTUS,

    Plaintiff,

v.

UNITED STATES (sued in their individual and/or official capacities),
U.S. BUREAU OF PRISONS (sued in their individual and/or official capacities), and
SARA M. REVELL (warden) (sued in their individual and/or official capacities),

    Defendants.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

**Kathleen M. Tafoya**
**United States Magistrate Judge**

    This matter is before the court on Plaintiff's "Motion for Leave to File an [sic] Proposed Amended and/or Supplemental Complaint" filed September 8, 2009. (Doc. No. 104 [hereinafter "Mot."].) Defendants filed their response on October 2, 2009. (Doc. No. 120 [hereinafter "Resp.".) The court finds a reply is unnecessary. This matter is ripe for review and recommendation.

*I.*    *Rule 15*

    Pursuant to Fed. R. Civ. P 15(a), the court is to freely allow amendment of the pleadings "when justice so requires." The grant or denial of an opportunity to amend is within the discretion of the court, but "outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and

inconsistent with the spirit of the Federal Rules." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993). The Tenth Circuit has concluded that the timeliness of the amendment and the prejudice to a defendant are to be the crux of the inquiry. *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006).

### A. *Undue Delay*

The motion and proposed amended complaint were timely filed. Further, the case is in the early stages of litigation. As the defendants have filed a motion for summary judgment, an answer to the complaint has not yet been filed.

### B. *Prejudice*

Prejudice under Rule 15 "means undue difficulty in prosecuting [or defending] a lawsuit as a result of a change of tactics or theories on the part of the other party." *Deakyne v. Commissioners of Lewes*, 416 F.2d 290, 300 (3d Cir. 1969); *see, also, LeaseAmerica Corp. v. Eckel*, 710 F.2d 1470, 1474 (10th Cir. 1983). The party opposing the amendment of the pleadings has the burden of showing prejudice. *Beeck v. Aquaslide 'N' Dive Corp.*, 562 F.2d 537, 540 (8th Cir. 1977). The prejudice with which the Rule is concerned is the prejudice to the party's ability to prosecute or defend. The record provides no basis for a finding of undue prejudice to Defendants by allowing the amendment.

### C. *Futility*

An amendment to a complaint is futile only if the plaintiff can prove no set of facts in support of his amendment that would entitle him to relief. *E.g., Beckett v. United States*, 217 F.R.D. 541, 543 (D. Kan. 2003). A district court is clearly justified in denying a motion to amend as futile only if the proposed amendment cannot withstand a motion to dismiss or otherwise fails to state a claim. *See Ketchum v. Cruz*, 961 F.2d 916, 920 (10th Cir. 1992). "Although Fed. R. Civ. P. 15(a) provides that leave to amend shall be given freely, the district court may deny leave to amend where amendment would be futile. A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Jefferson County Sch. Dist. v. Moody's Investor's Services*, 175 F.3d 848, 859 (10th Cir. 1999).

#### i. *Motion for Summary Judgment*

Defendants have moved for summary judgment on the grounds that (1) Plaintiff has failed to exhaust his claims as is required by 42 U.S.C. § 1997(e)(a); (2) the official capacity claims are futile; and (3) Defendant Revell is entitled to qualified immunity. (Resp.) The motion for summary judgment is pending before Judge Krieger. Defendants assert the motion to amend should be denied for the same bases as they seek summary judgment on the operative complaint. However, the motion is not referred to this judicial officer for resolution and this court makes no judgment regarding Defendant's likelihood of success on that motion and, therefore, declines to address Defendants' arguments in that regard.

### ii.     Fed. R. Civ. P. Pleading Standard

Fed. R. Civ. P. 8(e)(1) requires the plaintiff to provide in his complaint "a short and plain statement of the claim[s] showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a). Additionally, Rule 8 requires that "[e]ach averment of a pleading shall be simple, concise and direct." The twin purposes of a complaint are (1) to give the opposing parties fair notice of the basis for the claims against them, so they may respond to the claims; and (2) to allow the court to determine whether the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to facilitate these twin purposes. See *TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), aff'd, 964 F.2d 1022 (10th Cir. 1992).

Plaintiff filed his Amended Prisoner Complaint on March 12, 2009, and his Supplement to the Complaint on April 2, 2009. (Doc. Nos. 72, 76.) This court accepted the Supplement on June 4, 2009. (Doc. No. 95.) Plaintiff's Amended Complaint asserts eleven claims for relief and 285 paragraphs supporting those claims. The Supplement asserts an additional twenty-four paragraphs, apparently in support of some of Plaintiff's eleven originally-asserted claims. Plaintiff now seeks to amend the complaint to add a retaliation claim, an improper classification claim, and additional paragraphs supporting his previously-asserted eleven claims. (Mot. at 1–2.) Plaintiff's proposed amended complaint consists of sixty pages, 606 paragraphs in support of his thirteen claims for relief, and thirteen pages specifying the relief he seeks. (Doc. 104-2.)

In order for Plaintiff "to state a claim in federal court, [his] complaint must explain what each defendant did to him . . . ; when the defendant did it; how the defendant's action harmed him . . . ; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court notes that nearly all of Plaintiff's newly-asserted paragraphs contain no allegations of any wrongdoing by any defendant but are only legal conclusions, bare assertions, or merely conclusory and, therefore, not entitled to the assumption of truth. *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949–51 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations fail to "plausibly suggest an entitlement to relief" such that they could survive a motion to dismiss. *Id.* at 1950--51. This court finds that Plaintiff's proposed amended complaint fails to satisfy the requirements of Fed. R. Civ. P. 8 and, therefore, the motion should be denied on that basis.

### iii.     Relation Back

Fed. R. Civ. P. 15(c) provides that an amendment of a pleading relates back to the date of the original pleading when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." The court finds the newly-asserted claims for retaliation and improper classification do not relate back to any conduct, transaction, or occurrence set out in Plaintiff's operative complaint. These amendments, therefore, do not relate back under Fed. R. Civ. P. 15(c)(1)(B).

Accordingly, this court respectfully

RECOMMENDS that Plaintiff's "Motion for Leave to File an [sic] Proposed Amended and/or Supplemental Complaint" (Doc. No. 104) be DENIED.

## ADVISEMENT TO THE PARTIES

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).  A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review.  "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."  *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule");  *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for

appellate review); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc*., 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling).  *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 16th day of October, 2009.

                                                   **BY THE COURT:**

                                                   Kathleen M. Tafoya
                                                   United States Magistrate Judge