IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 08-cv-02779-MSK-KMT

NAKIA PETTUS,

    Plaintiff,

v.

UNITED STATES,
U.S. BUREAU OF PRISONS, and
WARDEN REBEL,

    Defendants.

---

## ORDER GRANTING MOTION FOR SUMMARY JUDGMENT, OVERRULING OBJECTIONS, ADOPTING RECOMMENDATION, AND DENYING LEAVE TO AMEND

---

**THIS MATTER** comes before the Court on (1) the Defendants' Motion for Summary Judgment **(#118)**, to which no response was filed; and (2) the Magistrate Judge's Recommendation **(#122)** recommending denial of Plaintiff Nakia Pettus's Motion for Leave to Amend **(#104)**, to which Mr. Pettus objected **(#128)**. Having considered the same,[1] the Court

---

[1] The Court is mindful that Mr. Pettus is proceeding *pro se* and, therefore, the Court construes his pleadings liberally and holds him to a "less stringent standard" than pleadings drafted by lawyers in accordance with *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Such liberal construction is intended merely to overlook technical formatting errors, poor writing style, and other defects in the party's use of legal terminology, citation, and theories. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court cannot act as a *pro se* litigant's legal advocate, and a *pro se* plaintiff retains the burden to allege sufficient facts to state a viable claim. Furthermore, *pro se* status does not relieve a party of the duty to comply with the various rules and procedures governing litigants and counsel or the requirements of the substantive law, and in these regards, the Court must apply the same standard to counsel licensed to practice law and to a *pro se* party. *See McNeil v. United States*, 508 U.S. 106, 113 (1993); *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).

**FINDS** and **CONCLUDES** the following.

## I. Jurisdiction

The Court exercises subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

## II. Issue Presented

Resolution of both the Defendants' Motion for Summary Judgment and Mr. Pettus's Motion to Amend turn on whether Mr. Pettus has exhausted his administrative remedies for the eleven claims he has asserted in the Amended Complaint **(#72)** or for the two additional claims he seeks to add in the Proposed Second Amended Complaint **(#104-1, #104-2)**.

## III. Material Facts

The Court has reviewed all of the parties' submissions and finds the undisputed facts to be as follows.[2]

Mr. Pettus is currently incarcerated within the Bureau of Prisons. Since his incarceration in 2003, he has submitted five administrative requests for relief. Three of these requests were filed in 2005 and do not relate to the claims Mr. Pettus asserts in the current action. As to the other two requests, the first was filed March 6, 2009. It sought to have an incident report expunged, but was rejected because it was improperly submitted. Mr. Pettus was given leave to resubmit the request but did not do so. The second was filed in August 2009; it challenged Mr. Pettus's placement in the Special Management Unit, but was also rejected for procedural errors. Again, Mr. Pettus was given leave to resubmit the request but failed to do so.

Mr. Pettus initiated this action in December 2008. On March 12, 2009, he filed an

---

[2] Generally on a motion for summary judgment, all disputed facts are construed most favorably to the non-movant, here Mr. Pettus. However, because Mr. Pettus has not submitted any competent evidence there are no disputed facts to be construed in his favor.

Amended Complaint **(#72)** asserting eleven claims under *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), for deprivation of his constitutional rights. Generally, these claims are (1) assignment to the Special Housing Unit in violation of the Eighth Amendment; (2) deprivation of adequate legal assistance in violation of the First and Fifth Amendments; (3) deliberate indifference to a serious mental need in violation of the Eighth Amendment; (4) inadequate sanitation in violation of the Eighth Amendment; (5) lack of preparation in food service in violation of the Eighth Amendment; (6) deprivation of property in violation of the Fourth and Fifth Amendments; (7) deliberate indifference to a serious mental and medical need in violation of the Eighth Amendment; (8) denial of grievance and delay/denial in copies to meet court access in violation of the First and Fifth Amendments; (9) inadequate mail service and deprivation of stamps in violation of the First Amendment; (10) seriously defective plumbing in violation of the Eighth Amendment; and (11) denial of exchange of under clothing for thirty days in violation of the Fifth and Eighth Amendments.

## IV. Analysis

In the Motion for Summary Judgment **(#118)**, the Defendants argue that Mr. Pettus has not exhausted his administrative remedies for the original eleven claims. Mr. Pettus did not respond to the Defendants' Motion. He did, however, file a Motion to Amend **(#104)** in which he seeks to supplement the eleven claims and add two more claims, a twelfth claim for retaliation based on the filing of this lawsuit in violation of the First, Fourth, Fifth, and Eighth Amendments and a thirteenth claim for being placed in the Special Management Unit Program without a prior hearing in violation of the First, Fifth, and Eighth Amendments. The Defendants oppose such amendment arguing the amendment would be futile because, just as he failed to do for the

3

original eleven claims, Mr. Pettus has not exhausted his administrative remedies for the newly asserted claims. Accordingly, resolution of both motions depends on whether Mr. Pettus has exhausted his administrative remedies for any of his claims.

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that a prisoner exhaust all available administrative remedies prior to filing an action regarding prison conditions in federal court. Demonstration of exhaustion, however, is not a pleading requirement, but instead must be plead as an affirmative defense by the Defendants. *See Roberts v. Barreras*, 484 F.3d 1236, 1240–41 (10th Cir. 2007) (discussing *Jones v. Bock*, 549 U.S. 199 (2007)). To exhaust administrative remedies in the prison system, an inmate must properly follow all of the steps enumerated in the prison systems grievance procedure, regardless of whether he or she views the administrative procedure as futile. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006). A prisoner who begins the grievance process, but does not complete it has not exhausted his administrative remedies and is barred from bringing suit. *See Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002).

The Bureau of Prison's administrative remedy procedure, codified at 28 C.F.R. § 542.10–542.19, is a three-step process. First, an inmate presents his or her concern informally to prison staff members under the procedures established by the warden of the relevant institution. *See* § 542.13. If the inmate is unable to reach an informal resolution of the issue within twenty days, he or she must file a formal written Administrative Remedy Request with the institution. *See* § 542.14. If dissatisfied with the warden's resolution of the Administrative Remedy Request, the inmate may file an appeal with the Regional Director. *See* § 542.15. Finally, if dissatisfied with the Regional Director's response, the inmate may file an Appeal with the

4

General Counsel.  *See id.*

At any point during this process, an inmate's filing may be rejected for procedural deficiencies, provided that the rejection includes a written notice explaining the rejection.  *See* § 542.17.  The rejection shall, if possible, provide the inmate with an extension of time in which to resubmit the remedy request or appeal.  A rejection does not excuse the inmate from his or her duty to exhaust administrative remedies.

### A. Mr. Pettus's Previously Asserted Eleven Claims

As to Mr. Pettus's previously asserted eleven claims, enumerated *supra*, the issue is whether summary judgment is appropriate pursuant to Rule 56 of the Federal Rules of Civil Procedure.  Rule 56 facilitates the entry of a judgment only if no trial is necessary.  *See White v. York Intern. Corp.*, 45 F.3d 357, 360 (10th Cir. 1995).  Summary adjudication is authorized when there is no genuine dispute as to any material fact and a party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  A factual dispute is "genuine" and summary judgment is precluded if the evidence presented in support of and opposition to the motion is so contradictory that, if presented at trial, a judgment could enter for either party.  *See Anderson*, 477 U.S. at 248.  When considering a summary judgment motion, a court views all evidence in the light most favorable to the non-moving party, thereby favoring the right to a trial.  *See Garrett v. Hewlett Packard Co.*, 305 F.3d 1210, 1213 (10th Cir. 2002).

When, as is the case here, the movant has the burden of proof on a claim or defense, the movant must establish every element of its claim or defense by sufficient, competent evidence.  *See* Fed. R. Civ. P. 56(e).  Once the moving party has met its burden, to avoid summary judgment the responding party must present sufficient, competent, contradictory evidence to

establish a genuine factual dispute. *See Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991); *Perry v. Woodward*, 199 F.3d 1126, 1131 (10th Cir. 1999). If there is a genuine dispute as to a material fact, a trial is required. If there is no genuine dispute as to any material fact, no trial is required—the court simply then applies the law to the undisputed facts and enters judgment.

In this case, the Defendants submit a sworn declaration by Theresa Montoya, a senior attorney at the Federal Correctional Complex in Florence, Colorado regarding the administrative remedies that Mr. Pettus has pursued while he has been incarcerated. She attests that she reviewed Mr. Pettus's records and determined that as of September 18, 2009, Mr. Pettus had filed five requests through the Bureau of Prisons administrative remedy procedure. She further attests, however, that Mr. Pettus failed to pursue these requests for remedy through all of the steps in the grievance procedure. Thus, although Mr. Pettus may have attempted to avail himself of the prison's administrative remedy procedures, his failure to complete all of the steps in the process equates to a failure to exhaust any complaint as to the conditions of his confinement. Accordingly, the declaration is sufficient to meet the Defendants' burden of demonstrating that Mr. Pettus failed to exhaust his administrative remedies. *See Hesterlee v. Cornell Cos.*, 351 Fed. App'x 279, 281 (10th Cir. 2009) (unpublished).

The burden now shifts to Mr. Pettus to come forth with sufficient evidence to demonstrate that there is a genuine issue of material fact as to whether he exhausted his administrative remedies. Mr. Pettus, however, did not respond to the Motion for Summary

Judgment and, therefore, has failed to meet his burden.³ Accordingly, the Defendants are entitled to summary judgment on all of Mr. Pettus's claims based on Mr. Pettus's failure to exhaust his administrative remedies.⁴

### B. Mr. Pettus's Motion to Amend (#104)

The Magistrate Judge has recommended denial of the Motion to Amend. Although the Magistrate Judge premised her conclusion on different grounds, this Court agrees with the ultimate recommendation.⁵

In determining whether to grant Mr. Pettus leave to amend, the Court is guided by Fed. R. Civ. P. 15(a), which provides that leave to amend is to be freely given when justice so requires. The ultimate decision as to whether to grant leave to amend is within the discretion of the Court, but to avoid abusing its discretion, the Court provides justification for any denial of leave to amend. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). Denying leave to amend is generally only justified upon a showing of undue delay, bad faith or dilatory motive by the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, or futility of amendment. *See id.*; *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993). Amendments to a complaint are futile if the claim, as

---

³ The Court also notes that in the Amended Complaint **(#72)**, Mr. Pettus answered "no" to the question "Did you exhaust available administrative remedies?", explaining that he "attempted, but to no avail."

⁴ Mr. Pettus's proposed Second Amended Complaint includes supplemental allegations with respect to these eleven claims. None of these additional allegations, however, relate to the exhaustion of remedies and, therefore, the proposed Second Amended Complaint would not cure the deficiencies on which summary judgment is based.

⁵ Accordingly, Mr. Pettus's objections to the Recommendation are not relevant to this Court's analysis and therefore are overruled.

amended, would be subject to dismissal. *See Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004).

Mr. Pettus moves to add allegations pertinent to the eleven claims in the Amended Complaint **(#72)** and to add two additional claims, one for retaliation and one for placement in the Special Management Unit Program. The Defendants oppose the amendment arguing, *inter alia*, that any amendment is futile because Mr. Pettus has not exhausted his administrative remedies for any claim including his two newly asserted claims. The Court concludes that amendment would be futile and therefore denies Mr. Pettus the opportunity to amend.

Because the claims in the Amended Complaint are dismissed for failure to exhaust administrative remedies, there is no purpose in adding further factual allegations. Amendment to add the two proposed new claims is also futile because administrative remedies have not been exhausted for these claims.

**IT IS THEREFORE ORDERED** that

(1) The Defendants' Motion for Summary Judgment **(#118)** is **GRANTED**.

(2) All claims against the Defendants the United States, the U.S. Bureau of Prisons, and Warden Rebel are **DISMISSED**.

(3) Mr. Pettus's Objections **(#128)** are **OVERRULED**.

(4) The Magistrate Judge's Recommendation **(#122)** is **ADOPTED**.

(5) Mr. Pettus's Motion for Leave to Amend **(#104)** is **DENIED**.

(6) The Clerk of Court is directed to close this case.

Dated this 29th day of June, 2010

**BY THE COURT:**

*Marcia S. Krieger*

Marcia S. Krieger
United States District Judge